WILL LEMKUL (NV Bar No. 6715)
CHRISTOPHER TURTZO (NV Bar No. 10253)
**MORRIS, SULLIVAN & LEMKUL, LLP**
3960 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
Telephone: (702) 405-8100
Facsimile: (702) 405-8101
lemkul@morrissullivanlaw.com
turtzo@morrissullivanlaw.com

GARRETT R. BROSHUIS (*pro hac vice*)
CAROL O'KEEFE (*pro hac vice*)
DEVIN DIPPOLD (*pro hac vice*)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525
gbroshuis@koreintillery.com
cokeefe@koreintillery.com
ddippold@koreintillery.com

PAMELA YAACOUB (*pro hac vice*)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (314) 241-3525
pyaacoub@koreintillery.com

*Attorneys for Plaintiffs Alana Costantino, Kyle Nicholson, Joe Angelo,*
*and Mark Skonieczny, on behalf of themselves and all those similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Alana Costantino, Kyle Nicholson, Joe Angelo, and Mark Skonieczny, on behalf of themselves and all those similarly situated, | Case Number: 2:26-cv-00539-RFB-EJY |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF INTENT AND OPPOSITION TO PRODUCTION OF DOCUMENTS, ECF No. 82.** |
| v. | |
| Zuffa LLC, TKO Group Holdings, Inc., TKO Operating Company, LLC, and Endeavor Group Holdings, Inc., | |
| Defendants. | |

Months ago, the Parties agreed that Plaintiffs are entitled to "all documents produced in the Related Actions," including those previously produced in *Le*, and including those produced by third parties. *See, e.g.*, ECF No. 48 (Joint Status Report) at 2. The Court has already stated that Plaintiffs are entitled to these materials as well. *See, e.g.*, Transcript of 06/15/26 Status Conference (21-cv-01189), ECF No. 613 at Tr. 66:11-67:5. After all, Plaintiffs are entitled to discovery that is relevant to any claim or defense in the case, including discovery produced in the *Le*, *Johnson*, and *Davis* matters (the "Fighter Cases"), which is relevant to the alleged input market. *See* Fed. R. Civ. P. 26(b)(1).

Defendants now attempt to delay Plaintiffs' access on the basis of a forthcoming motion to compel arbitration—a motion that Defendants have talked about for nearly two months but still have not filed, and a motion that will be based on an arbitration agreement that Defendants were not even a party to, and that is unrelated to the allegations of this case. Defendants' arguments are unsupported.

Defendants' forthcoming motion to compel arbitration has no bearing on whether Plaintiffs may access prior discovery in the Fighter Cases. Because Defendants' request to hold the matter of Plaintiffs' access to previously produced documents "in abeyance" is premised on a motion that has not yet been filed, *see* ECF No. 82 at 4, granting that request would be improper. *See, e.g.*, *Litton v. Roblox Corp.*, No. 25-cv-03088, 2025 WL 2373343, at *1 (N.D. Cal. Aug. 14, 2025) (denying motion to stay discovery pending forthcoming motions to compel arbitration and to dismiss because the court could not "take a 'preliminary peek' at a motion not yet before it" and the merits of the motions were "speculative"). That is particularly true where the request is based on a motion to compel arbitration. Under those circumstances, a court must take a "preliminary peek" at the motion to determine whether "there is a reasonable possibility or probability that [it] will compel arbitration" before staying discovery. *Mirae Asset Sec. Co. v. Ryze Renewables Holdings, LLC*, No. 23-cv-01492, 2024 WL 2831434, at *1 (D. Nev. Mar. 1, 2024). This Court cannot do so when the motion to compel arbitration has not been filed. And even assuming such a motion is pending, Defendants have failed to even **mention** the applicable "preliminary peek" standard, let alone explain how their forthcoming motion might meet it.

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF INTENT AND OPPOSITION
TO PRODUCTION OF DOCUMENTS

Moreover, contrary to Defendants' suggestion (at 1, 3), discovery is in fact open in this case—and has been since May 8, 2026, when the parties held their initial Rule 26(f) conference. *See, e.g.*, *Bradley v. Romantix Online, Inc.*, No. 25-cv-02465, 2026 WL 962735, at \*2 (N.D. Cal. Apr. 9, 2026) ("Where, as here, the parties have conducted a Rule 26(f) conference, '[i]t follows that discovery is open.'"). Critically, neither a forthcoming nor a pending motion to compel imposes an automatic stay of discovery. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."); *see, e.g.*, *Barraza v. Cricket Wireless, LLC*, No. 15-cv-02471, 2015 WL 14114588, at \*1 (N.D. Cal. Aug. 31, 2015) (denying motion to stay because "[e]ven if the Court ultimately compels arbitration, the initial disclosures and early discovery will still be useful in the arbitration proceedings"). And while Defendants complain that no formal request for production has been served, Plaintiffs have in fact requested these materials multiple times, and the parties have conferred about them for months.

Defendants' citations to caselaw are similarly unavailing. In *Winig v. Cingular Wireless LLC*, No. 06-cv-4297, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006), the court determined that a stay pending appeal was warranted because the defendant would be irreparably harmed if forced to "'undergo the expense and delay of a **trial**.'" *Id.* at \*2 (emphasis added). And in *Broadnax v. Lyft, Inc.*, No. 25-cv-00190, 2025 WL 2379619 (D. Nev. Feb. 10, 2025), the court not only had the benefit of a pending motion to compel arbitration, but its analysis also focused on the burdens attendant to *new* discovery and on avoiding "duplicative and inefficient litigation." *Id.* at \*2. Neither of these cases is applicable.

To the contrary, here, there is **zero** burden involved in simply turning over existing discovery from the Fighter Cases—particularly where the plaintiffs in the Fighter Cases can be the ones to make that discovery available to the *Costantino* Plaintiffs. This is frequently done in complex, related cases. And given the volume of prior discovery, providing those productions (and deposition transcripts) now will greatly streamline the *Costantino* proceedings, as Plaintiffs will need to begin the review process as soon as possible.

2

That discovery will also likely elucidate evidence relevant to the ongoing spoliation proceedings. Defendants have raised the issue of whether they had notice that this type of case could have been filed. ECF No. 64. Plaintiffs have already unearthed evidence going to that issue, and these productions will likely contain further evidence that is relevant to, and likely undermines, Defendants' argument.

Finally, though the Parties did agree to further meet and confer on this topic, Defendants' filing makes clear that further meet-and-confer efforts would be futile. Defendants are refusing to make these productions available and have not expressed any willingness to change that position.

Ultimately, it is within the Court's broad discretion to allow Plaintiffs access to prior discovery from the Fighter Cases. *See, e.g.*, *Dichter-Mad Fam. Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) ("broad discretion is vested in the trial court to permit or deny discovery" (cleaned up)); *Russo v. Lopez*, No. 11-cv-00284, 2012 WL 4891704, at *1 (D. Nev. Oct. 12, 2012) ("This Court has broad discretion when it determines what the scope of discovery should be and to what extent discovery is burdensome."). Plaintiffs thus respectfully request that discovery from the Fighter Cases be made available in *Costantino* by July 15, 2026.

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF INTENT AND OPPOSITION
TO PRODUCTION OF DOCUMENTS

Dated:  July 8, 2026

Respectfully submitted,

KOREIN TILLERY, LLC


*/s/ Garrett R. Broshuis*

GARRETT R. BROSHUIS (*pro hac vice*)
CAROL O'KEEFE (*pro hac vice*)
DEVIN DIPPOLD (*pro hac vice*)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525
gbroshuis@koreintillery.com
cokeefe@koreintillery.com
ddippold@koreintillery.com

PAMELA YAACOUB (*pro hac vice*)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (314) 241-3525
pyaacoub@koreintillery.com

WILL LEMKUL (NV Bar No. 6715)
CHRISTOPHER TURTZO (NV Bar No. 10253)
**MORRIS, SULLIVAN & LEMKUL, LLP**
3960 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
Telephone: (702) 405-8100
Facsimile: (702) 405-8101
lemkul@morrissullivanlaw.com
turtzo@morrissullivanlaw.com

*Attorneys for Plaintiffs Alana Costantino, Kyle Nicholson, Joe Angelo, and Mark Skonieczny, on behalf of themselves and all those similarly situated*

4
PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF INTENT AND OPPOSITION
TO PRODUCTION OF DOCUMENTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, I electronically filed the foregoing **Plaintiffs' Response to Defendants' Notice of Intent and Opposition to Production of Documents** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

/s/ *Garrett R. Broshuis*
Garrett R. Broshuis

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF INTENT AND OPPOSITION
TO PRODUCTION OF DOCUMENTS